**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| Z. F.; et al.,<br><br>  Plaintiffs,<br><br> v.<br><br>RIPON UNIFIED SCHOOL DISTRICT; et al.,<br><br>  Defendants,<br><br> and<br><br>VALLEY MOUNTAIN REGIONAL CENTER; et al.,<br><br>  Counter-claimants-Appellees,<br><br> v.<br><br>M. A. F.; et al.,<br><br>  Counter-defendants - Appellants. | No. 11-15377<br><br>D.C. No. 2:10-cv-00523-GEB-JFM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Garland E. Burrell, District Judge, Presiding

Submitted May 14, 2012[**]
San Francisco, California

Before: THOMAS, McKEOWN, and W. FLETCHER, Circuit Judges.

M.A.F., J.A., and Special Needs Advocates for Understanding (collectively, Plaintiffs) appeal the district court's denial of their anti-SLAPP[1] motion to strike. We have jurisdiction under 28 U.S.C. § 1291,[2] and we affirm. Because the parties are familiar with the factual and procedural history of this case, we need not recount it here.

I

The district court applied the proper analysis to the motion to strike. Federal court adjudication of a state law anti-SLAPP motion implicates the *Erie* doctrine. *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 845 (9th Cir. 2001). Specifically, "[p]rocedural state laws are not used in federal court if to do so would result in a

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1] SLAPP denotes a "strategic lawsuit against public participation."

[2] Defendants contend we lack appellate jurisdiction because of an allegedly defective Notice of Appeal. Federal Rule of Appellate Procedure 3(c) requires that the Notice of Appeal state the party taking the appeal, the order being appealed, and the court to which the appeal is taken. The Plaintiffs complied with these requirements, and we have jurisdiction over all Defendants.

-2-

'direct collision' with a Federal Rule of Civil Procedure." *Id.* (quoting *Walker v. Armco Steel Corp.*, 446 U.S. 740, 749-50 (1980)). Accordingly, we have held that certain procedural provisions of California's anti-SLAPP statute[3] conflict with the Federal Rules of Civil Procedure and cannot be applied in federal court. *Id.* at 846.

These actual and potential conflicts between California's anti-SLAPP procedural provisions and the federal rules result in a threshold inquiry: whether to consider the instant anti-SLAPP motion under a summary judgment standard or a motion to dismiss standard. *Id.* If a defendant makes an anti-SLAPP motion to strike founded on purely legal arguments, then the analysis is made under Fed. R. Civ. P. 8 and 12 standards; if it is a factual challenge, then the motion must be treated as though it were a motion for summary judgment and discovery must be permitted.

Here, Plaintiffs' anti-SLAPP motion was based on alleged legal deficiencies, and not a failure of proof or evidence. Plaintiffs did make an incidental reference to the facts, but the factual material was attached to the counter-complaint, and

---

[3] California's anti-SLAPP statute provides: "A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." Cal. Code Civ. Proc. § 425.16(b)(1).

thus properly the subject of a motion attacking the sufficiency of the counter-complaint under Rule 12. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) ("[A] court may consider 'material which is properly submitted as part of the complaint' on a motion to dismiss without converting the motion to dismiss into a motion for summary judgment." (citation omitted)).

Therefore, the district court properly applied the Rule 12 standard to the motion.

II

The district court also properly concluded that the Defendants were not "limited purpose public figures," requiring a higher pleading standard. Limited purpose public figures are "those classed as public figures [who] have thrust themselves to the forefront of particular public controversies in order to influence the resolution of the issues involved." *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 345 (1974). As the district court properly concluded, Plaintiffs failed to show that Defendants had thrust themselves into the forefront of the issues involved in the allegedly defamatory statements. Although the underlying agreements and their implementation may well have been a public issue, "[a] private individual is not automatically transformed into a public figure just by becoming involved in or associated with a matter that attracts public attention." *Wolston v. Reader's Digest*

*Ass'n, Inc.*, 443 U.S. 157, 167 (1979). Thus, the Plaintiffs "must show more than mere newsworthiness to justify application of the demanding burden of [pleading the heightened actual malice standard]." *Id.* at 167-68. They did not do so. The district court correctly determined that the Defendants did not qualify as limited purpose public figures, and correctly denied the motion to strike.

**AFFIRMED.**