In the

# United States Court of Appeals
## For the Seventh Circuit

_____

No. 13-3148

INTERCON SOLUTIONS, INC.,

*Plaintiff-Appellee,*

*v.*

BASEL ACTION NETWORK and JAMES PUCKETT,

*Defendants-Appellants.*

_____

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 12 C 6814 — **Virginia M. Kendall**, *Judge.*

_____

ARGUED APRIL 18, 2014 — DECIDED JUNE 29, 2015

_____

Before BAUER, EASTERBROOK, and HAMILTON, *Circuit Judges.*

EASTERBROOK, *Circuit Judge.* Intercon Solutions, which provides recycling services for electronic devices, engaged Basel Action Network (BAN) to evaluate its business. Intercon asked BAN to certify it as an environmentally friendly operation. BAN concluded, however, that Intercon ships hazardous waste to China, to firms that use methods of disposal that violate the policy of Illinois, where Intercon is

based, and are inconsistent with Intercon's representations about its practices. BAN communicated this conclusion to two agencies (one state and one federal) and to the public. Intercon responded with this defamation action under the diversity jurisdiction. The complaint, based on Illinois law, alleges that BAN's statements are false, and that BAN knows them to be false.

BAN is a Washington corporation with its principal place of business in Seattle. The parties agree that BAN's statements were made in Washington but were circulated widely in Illinois (in addition to being sent directly to two agencies) and that Illinois law therefore governs the defamation claim. But in answer to the complaint BAN asserted a defense based on Washington's anti-SLAPP statute, RCW §§ 4.24.510, 4.24.525. Section 4.24.510 is the nation's first anti-SLAPP law, enacted in 1989; §4.24.525 was added in 2010. BAN contended, and the district court held, that Illinois (whose law governs choice-of-law issues) would give BAN the benefit of this defense under Washington law because BAN is based in Washington and made its statements there. 969 F. Supp. 2d 1026, 1034–36 (N.D. Ill. 2013).

SLAPP stands for "strategic lawsuit against public participation." Many states have concluded that some actions for defamation (and a few other torts) are filed, not to prevail, but to impose on the speaker the costs of defense, which can be substantial. See Thomas R. Burke, *Anti-SLAPP Litigation* ch. 8 (2014) (collecting state legislation). An anti-SLAPP statute is a specialized version of the tort of abuse of process, designed to reduce defense costs by creating an absolute or qualified immunity, and (in several states) by requiring early disposition of a motion to dismiss. A defendant that prevails

on such a motion usually is entitled to recover its costs of litigation and may be entitled to damages as well.

The Washington anti-SLAPP statute provides both an immunity and a requirement of early disposition on a paper record. Section 4.24.510 gives the defendant immunity from liability for statements communicated to a governmental body. The district court observed that this does not cover statements that BAN made directly to the public or to Intercon's business rivals. 969 F. Supp. 2d at 1036–39. Section 4.24.525, by contrast, applies to "[a]ny oral statement made, or written statement or other document submitted, in a place open to the public or a public forum in connection with an issue of public concern". RCW §4.24.525(2)(d). Eco-friendly recycling is an issue of public concern, so §4.24.525 applies to all of BAN's public statements.

Section 4.24.525(4)(b) permits a defendant to file a "special motion to strike" the complaint, accompanied by affidavits and other documents showing that the claim "is based on an action involving public participation and petition." Any statement within the scope of §4.24.525(2) meets this standard. If the defense shows this, then the judge must dismiss the suit unless the plaintiff can "establish by clear and convincing evidence a probability of prevailing on the claim." Section 4.24.525(5) requires expedited action: the court must hold a hearing within 30 days and issue a decision within 7 days of the hearing. Pending the hearing and decision, all discovery is stayed (§4.24.525(5)(c)). If the court grants the motion, the defendant recovers attorneys' fees, costs, and a penalty as high as $10,000 (§4.24.525(6)).

The district court declined to rule on BAN's motion, holding that a special motion to strike is incompatible with

the Federal Rules of Civil Procedure. 969 F. Supp. 2d at 1041–55. The court relied particularly on Rule 12(d), which says that, if a motion responding to a complaint includes any evidence, "the motion must be treated as one for summary judgment under Rule 56." BAN's motion included several hundred pages of affidavits and other documents.

Federal rules prevail in federal court. See, e.g., *Shady Grove Orthopedic Associates, P.A. v. Allstate Insurance Co.*, 559 U.S. 393 (2010); *Walker v. Armco Steel Corp.*, 446 U.S. 740 (1980); *Hanna v. Plumer*, 380 U.S. 460 (1965). Congress can alter federal pleading standards and occasionally does so, see *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007) (Private Securities Litigation Reform Act of 1995), but states lack a comparable power. It follows, the district court held, that §4.24.525 cannot be applied in federal suits, even though some aspects of the statute, such as the clear-and-convincing-evidence standard, and provisions for fee-shifting and penalties, are substantive in nature.

BAN immediately appealed from the district court's order denying its motion to dismiss the complaint. It relied in part on §4.24.525(5)(d), which says that "[e]very party has a right of expedited appeal from a trial court order" resolving a special motion to strike, and in part on the collateral-order doctrine of *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541 (1949). At the oral argument of this appeal, members of the panel expressed skepticism about appellate jurisdiction, noting that state statutes cannot expand (or contract) federal jurisdiction and that the Supreme Court has been unwilling in recent years to expand the scope of the collateral-order doctrine. See, e.g., *Mohawk Industries, Inc. v. Carpenter*, 558 U.S. 100 (2009). BAN's motion, far from being "collateral" to

the merits, is an effort to win outright. A defense differs from a collateral matter. See, e.g., *United States v. MacDonald*, 435 U.S. 850 (1978). Instead of dismissing the appeal immediately, however, the court deferred action to give the parties time to ask for certification under 28 U.S.C. §1292(b). Recognizing that it had taken sides on an important and debatable issue that is open in the Seventh Circuit, the district court certified its order for interlocutory review, and we decided to accept the appeal on that statute's authority.

Matters remained on the back burner, however, because the Supreme Court of Washington had agreed to hear a case presenting the question whether §4.24.525 could be decomposed into procedural and substantive components. If that were possible, we thought, it might become unnecessary to address the question whether §4.24.525 conflicts with Rule 12(d) and other features of the Civil Rules, a subject that has produced disagreement among appellate judges (for statutes like Washington's, if not for §4.24.525 itself). Compare *Phoenix Trading, Inc. v. Loops LLC*, 732 F.3d 936, 941–42 (9th Cir. 2013); *Liberty Synergistics Inc. v. Microflo Ltd.*, 718 F.3d 138, 152–54 (2d Cir. 2013); *Godin v. Schencks*, 629 F.3d 79, 88–92 (1st Cir. 2010); and *Henry v. Lake Charles American Press LLC*, 566 F.3d 164, 181–82 (5th Cir. 2009) (all either holding that state anti-SLAPP laws may be applied at the summary judgment stage or using state procedural rules directly in a federal case), with *Abbas v. Foreign Policy Group, LLC*, 783 F.3d 1328, 1334–35 (D.C. Cir. 2015); *Makaeff v. Trump University, LLC*, 736 F.3d 1180, 1188–92 (9th Cir. 2013) (Watford, J., joined by Kozinski, Paez & Bea, JJ., dissenting from the denial of rehearing en banc) (concluding that state laws must be applied as written, which usually means that statutes such as §4.24.525 cannot be used in federal court).

Washington's highest court now has acted, and our case is ready for resolution. *Davis v. Cox*, 2015 Wash. Lexis 568 (S. Ct. Wash. May 28, 2015), holds that §4.24.525 violates the state's constitution because §4.24.525(4)(b) requires a judge to resolve factual disputes that properly belong to a jury.

The court proceeded in three steps. First, it asked whether §4.24.525(4)(b) can be understood as a form of summary-judgment practice. (Several federal courts of appeals have treated state anti-SLAPP statutes that way, and BAN has asked us to do so too.) The court held that a special motion to strike is not a variant of summary judgment, because it requires judges to resolve material factual disputes on a paper record, which the summary judgment standard prohibits. 2015 Wash. Lexis 568 at ¶¶ 15–28. (Washington's rule on when summary judgment may be granted is identical to federal practice.) *Davis* held that *Phoenix Trading* had misunderstood §4.24.525(4)(b) in holding that it can be treated as a form of summary judgment.

Second, *Davis* held that a requirement that judges resolve factual disputes on a paper record violates the right to trial by jury. 2015 Wash. Lexis 568 at ¶¶ 29–36. (Indeed, §4.24.525(4)(b) would be problematic even if there were no jury right, for, when an issue is committed to a judge, a trial or hearing often will be necessary to receive testimony and evaluate credibility after opportunity for cross-examination.)

Finally, *Davis* held that the rest of §4.24.525 is not severable. 2015 Wash. Lexis 568 at ¶¶ 37–39. In other words, the substantive and procedural parts of §4.24.525 cannot be decomposed. As a matter of Washington law, the full statute is unenforceable.

Federal courts apply the whole of state law, including judicial decisions such as *Davis*, in diversity litigation. *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938). Although federal procedure applies, see *Shady Grove*, while state law governs substantive matters such as the elements of a defense and the burden of persuasion, *Davis* authoritatively holds that procedure and substance in §4.24.525 cannot be disentangled. If this suit were proceeding in state court, none of §4.24.525 would apply—not its burden-shifting approach, not its clear-and-convincing-evidence standard, not its fee-shifting requirement, not its penalty, and not its "special motion to strike".

There is no remaining state substance that could be applied through the closest federal procedural devices—the Rule 12(c) motion for judgment on the pleadings and the Rule 56 motion for summary judgment. Indeed, we understand *Davis*'s non-severability decision to mean that, even at a trial, the burden of persuasion remains where it usually lies (with the plaintiff for the elements of the claim, and with the defendant for the ingredients of an affirmative defense) and the standard of decision remains the preponderance of the evidence.

Illinois has its own anti-SLAPP statute, 735 ILCS 110/1 to 110/35, which creates a qualified immunity that can be resolved in federal court on a motion for summary judgment or at trial. (735 ILCS 110/20 contains a few procedural rules, but they differ from §4.24.525, and BAN has not invoked them; indeed, it does not mention the Illinois statute at all.) We therefore arrive at the same outcome as the district court, but on the holding of *Davis* rather than the district court's reasons. This circuit's resolution of questions about how the

procedural aspects of other states' anti-SLAPP statutes work in federal court will have to await some other case.

The application for leave to appeal under §1292(b) is granted, and the decision is

AFFIRMED.