**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| PLANNED PARENTHOOD FEDERATION OF AMERICA, INC.; PLANNED PARENTHOOD: SHASTA-DIABLO, INC., DBA Planned Parenthood Northern California; PLANNED PARENTHOOD MAR MONTE, INC.; PLANNED PARENTHOOD OF THE PACIFIC SOUTHWEST; PLANNED PARENTHOOD LOS ANGELES; PLANNED PARENTHOOD/ORANGE AND SAN BERNARDINO COUNTIES, INC.; PLANNED PARENTHOOD OF SANTA BARBARA, VENTURA AND SAN LUIS OBISPO COUNTIES, INC.; PLANNED PARENTHOOD PASADENA AND SAN GABRIEL VALLEY, INC.; PLANNED PARENTHOOD CENTER FOR CHOICE; PLANNED PARENTHOOD OF THE ROCKY MOUNTAINS; PLANNED PARENTHOOD GULF COAST, *Plaintiffs-Appellees*, | No. 16-16997<br><br>D.C. No. 3:16-cv-00236-WHO<br><br>OPINION |

v.

CENTER FOR MEDICAL PROGRESS; BIOMAX PROCUREMENT SERVICES, LLC; DAVID DALEIDEN, AKA Robert Daoud Sarkis; SANDRA SUSAN MERRITT, AKA Susan

Tennenbaum; GERARDO ADRIAN
LOPEZ,

*Defendants-Appellants*,

and

TROY NEWMAN; PHILLIP S. CRONIN;
ALBIN RHOMBERG,

*Defendants.*

Appeal from the United States District Court
for the Northern District of California
William Horsley Orrick, District Judge, Presiding

Argued and Submitted November 17, 2017
San Francisco, California

Filed May 16, 2018

Before:  Ronald M. Gould and Mary H. Murguia, Circuit
Judges, and Nancy Freudenthal,[*] Chief District Judge.

Opinion by Judge Gould;
Concurrence by Judge Gould

---

[*] The Honorable Nancy Freudenthal, Chief United States District
Judge for the District of Wyoming, sitting by designation.

## SUMMARY[**]

### Anti-SLAPP Statute

The panel affirmed the district court's denial of a motion to dismiss claims under California's Strategic Lawsuit Against Public Participation statute, Cal. Civ. Proc. Code § 425.16.

Planned Parenthood and other plaintiffs alleged that the defendants used fraudulent means to enter their conferences and gain meetings with their staff for the purpose of creating false and misleading videos that were disseminated on the internet.  To succeed on their anti-SLAPP motion, the defendants had to show both that their claims arose from acts to further their First Amendment speech rights and that the plaintiffs had shown no probability of success on their claims.  The panel affirmed the district court's conclusion that the defendants failed to meet the second element.

In order to eliminate conflicts between California's anti-SLAPP law's procedural provisions and the Federal Rules of Civil Procedure, the panel held that anti-SLAPP motions to strike are reviewed under different standards depending on the motion's basis.  If a defendant makes an anti-SLAPP motion to strike founded on purely legal arguments, then the analysis is made under Fed. R. Civ. P. 8 and 12 standards; if it is a factual challenge, then the motion must be treated as though it were a motion for summary judgment and discovery must be permitted.

---

[**] This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

The panel held that the district court correctly applied a Rule 12(b)(6) standard to defendants' motion to strike challenging the legal sufficiency of plaintiffs' complaint, and did not err in declining to evaluate the factual sufficiency of the complaint at the pleading stage.

Concurring, Judge Gould, joined by Judge Murguia, acknowledged that the court's precedent allows an interlocutory appeal of a denial of an anti-SLAPP motion. Judge Gould wrote that this interlocutory appeal procedure is incorrect, potentially conflicts with federal procedural rules, and burdens the federal courts with unneeded interlocutory appeals. Judge Gould suggested that the court fix this error in its precedent with a call of the case en banc.

The panel addressed other issues in a contemporaneously-filed memorandum disposition.

## COUNSEL

Charles S. LiMandri (argued), Paul M. Jonna, Teresa L. Mendoza, and Jeffrey M. Trissell, Freedom of Conscience Defense Fund, Rancho Santa Fe, California; Horatio Mihet (argued), Liberty Counsel, Orlando, Florida; Catherine W. Short, Life Legal Defense Foundation, Ojai, California; Thomas Breicha and Peter Breen, Thomas More Society, Chicago, Illinois; Nicolaie Cocis, Law Office of Nic Cocis and Associates, Murrieta, California; for Defendants-Appellants.

Amy L. Bomse (argued), Stephanie Fine, Jee Young You, Sharon D. Mayo, and Steven L. Mayer, Arnold & Porter Kaye Scholer LLP, San Francisco, California; Beth H. Parker, Planned Parenthood Affiliates of California,

Sacramento, California; Helene T. Krasnoff, Planned Parenthood Federation of America; Paul W. Rodney, Arnold & Porter Kaye Scholer LLP, Denver, Colorado; John Robinson, Arnold & Porter Kaye Scholer LLP, Washington, D.C.; for Plaintiffs-Appellees.

## OPINION

GOULD, Circuit Judge:

Plaintiffs[1] sued Defendants[2] in the federal district court for the Northern District of California alleging that Defendants had used fraudulent means to enter their conferences and gain meetings with their staff for the purpose of creating false and misleading videos that were disseminated on the internet. Defendants moved to dismiss Plaintiffs' claims under Federal Rule of Civil Procedure

---

[1] Plaintiffs are Planned Parenthood Federation of America, Inc. (PPFA); Planned Parenthood: Shasta-Diablo, Inc., dba Planned Parenthood Northern California (Planned Parenthood Northern California or PPNC); Planned Parenthood Mar Monte, Inc. (PPMM); Planned Parenthood of the Pacific Southwest (PPPSW); Planned Parenthood Los Angeles (PPLA); Planned Parenthood/Orange and San Bernardino Counties, Inc. (PPOSBC); Planned Parenthood of Santa Barbara, Ventura & San Luis Obispo Counties, Inc. (PPSBVSLO); Planned Parenthood Pasadena and San Gabriel Valley, Inc. (PPPSGV); Planned Parenthood of the Rocky Mountains (PPRM); Planned Parenthood Gulf Coast (PPGC); and Planned Parenthood Center For Choice (PPCFC) (collectively Planned Parenthood).

[2] Defendants are the Center for Medical Progress (CMP), BioMax Procurement Services LLC (BioMax), David Daleiden (aka "Robert Sarkis") (Daleiden), Troy Newman (Newman), Albin Rhomberg (Rhomberg), Phillip S. Cronin (Cronin), Sandra Susan Merritt (aka "Susan Tennenbaum") (Merritt), and Gerardo Adrian Lopez (Lopez).

12(b)(6) and under California's Strategic Lawsuit Against Public Participation ("anti-SLAPP") statute.  The district court denied both motions, and Defendants appeal the denial of the anti-SLAPP motion.  We conclude that the district court did not err by reviewing Defendants' motion using a Rule 12(b)(6) standard and did not err by denying Defendants' anti-SLAPP motion.[3]  We affirm.

# I

In the district court, Defendants the Center for Medical Progress (CMP), BioMax Procument Services LLC (BioMax), Daleiden, and Lopez moved to strike Plaintiffs' claims under California Code of Civil Procedure § 425.16, commonly known as the anti-SLAPP law.  On their motion to dismiss for failure to state a claim, Defendants argued that Plaintiffs had not alleged enough factual content to state the necessary elements for each of their named claims.  On their motion based on the anti-SLAPP law, Defendants argued that Plaintiffs' lawsuit is an attempt to silence and punish CMP and other Defendants for gathering information and publishing their findings.  Defendants argued that Plaintiffs' state law claims arise out of their undercover investigative journalism, which falls within the scope of the anti-SLAPP statute.  They further argued that Plaintiffs did not have a reasonable probability of prevailing on any of their state law claims because Defendants were entitled to "judgment as a matter of law."

---

[3] Defendants also argue that Plaintiffs did not sufficiently allege the fifteen claims of their complaint.  Those arguments and our conclusions related thereto are addressed in a separate contemporaneously filed memorandum disposition.

The district court denied both Defendants' motion to strike under the anti-SLAPP law and their motion to dismiss for failure to state a claim.  Because Defendants appeal only denial of their anti-SLAPP motion, we address only that issue on this interlocutory appeal.

In ruling on and denying Defendants' motion to strike, the district court assumed that Plaintiffs' lawsuit arose from acts in furtherance of Defendants' rights to free speech, but found that Plaintiffs showed a probability of succeeding on the merits.  To succeed on their anti-SLAPP motion, Defendants had to show both that their acts arose from behavior aimed at furthering their First Amendment speech rights, and also that Plaintiffs had shown no probability of success on their claims.  Because Defendants failed to prevail on the second element, they lost their anti-SLAPP motion.

The district court reasoned that "defendants repeat the *identical* arguments they made on their motions to dismiss," and that Defendants made no evidentiary-based argument to undermine Plaintiffs' probability of success other than the declaration from Daleiden.  Daleiden's declaration only discusses his work as an investigative journalist.  The district court said that because Defendants attacked "pleading deficiencies" and argued that Defendants were entitled to "judgment as a matter of law," it limited its review to the adequacy of Plaintiffs' pleadings.  The district court therefore denied Defendants' motion to strike for the same reasons it had denied Defendants' motion to dismiss.  The district court also rejected the evidentiary-based arguments Defendants made for the first time in their Reply brief supporting their motion to strike.

The district court found that Merritt's separate motion to strike raised two evidence-based arguments: (1) that the

location of the lunch meetings with Drs. Nucatola and Gatter preclude a finding that the communications in those meetings were "confidential" and (2) that Merritt is exempt from liability for violations of California Penal Code §§ 632 and 634 because she reasonably believed that Plaintiffs were committing crimes of violence against unborn babies.  The district court concluded that there were questions of fact regarding whether there was a reasonable expectation of privacy at the lunch meetings with Drs. Nucatola and Gatter.  The district court also concluded that Merritt's exemption defense was an affirmative defense and that the parties' competing citations to Merritt's deposition demonstrated that there was a question of fact as to the reasonableness of her beliefs.  The district court denied Merritt's anti-SLAPP motion.  This appeal timely followed.

## II

We review dismissals under Federal Rule of Civil Procedure 12(b)(6) and the district court's conclusions of law *de novo*.  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102 (9th Cir. 2003); *Metabolife Intern., Inc. v. Wornick*, 264 F.3d 832, 839 (9th Cir. 2001).  We have jurisdiction to review the denial of an anti-SLAPP motion under the collateral order doctrine.  *Hilton v. Hallmark Cards*, 599 F.3d 894, 900 (9th Cir. 2010).

## III

Defendants argue that, once they had shown that Plaintiffs' suit arose from Defendants' acts in furtherance of their rights of petition or free speech, Plaintiffs were required to demonstrate a probability of prevailing on the challenged claims, and that Plaintiffs did not meet this burden because they did not provide rebutting evidence.  Plaintiffs argue that for Defendants to succeed on their anti-SLAPP motion,

Defendants had to show that Plaintiffs did not allege a legally sufficient claim *or* that Plaintiffs did not produce evidence showing a probability that Plaintiffs would prevail. Plaintiffs contend that Defendants' anti-SLAPP motion challenged the legal sufficiency of Plaintiffs' complaint and was correctly denied on those grounds, using the Federal Rule of Civil Procedure 12(b)(6) standard.   Plaintiffs specifically argue that for the anti-SLAPP requirement of showing a probability of prevailing by evidence to apply, Defendants had to challenge their complaint on factual grounds.

In California, "[a] cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim."   Cal. Civ. Proc. Code § 425.16(b)(1).   The district court, in making its decision, considers the pleadings and supporting and opposing affidavits stating the facts upon which the liability or defense is based.   *Id.* (b)(2).   In discussing how to conduct this analysis, we have held:

> Once it is determined that an act in furtherance of protected expression is being challenged, the plaintiff must show a "reasonable probability" of prevailing in its claims for those claims to survive dismissal. § 425.16(b); *Wilcox v. Superior Court,* 27 Cal.App.4th 809, 33 Cal.Rptr.2d 446, 455 (1994). To do this, the plaintiff must demonstrate that "the complaint is legally

> sufficient and supported by a prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited." *Wilcox,* 33 Cal.Rptr.2d at 454.

*Metabolife*, 264 F.3d at 840.  We there concluded that a defendant's anti-SLAPP motion should be granted when a plaintiff presents an insufficient legal basis for his or her claims *or* when no sufficiently substantial evidence exists to support a judgment for him or her.  *Id.*

The degree to which the anti-SLAPP provisions are consistent with the Federal Rules of Civil Procedure has been hotly disputed.  *Metabolife* emphasized that some portions of California's anti-SLAPP law have been found to not conflict with the Federal Rules of Civil Procedure—such as § 425.16(b) allowing a special motion and § 425.16(c) providing fees and costs.  264 F.3d at 845.  But, *Metabolife* also explained that courts in our circuit have found that § 425.16(f), requiring filing 60 days after the complaint was filed or later within the district court's discretion, and § 425.16(g), issuing an automatic stay of discovery, conflicted with the Federal Rules of Civil Procedure. 264 F.3d at 845–46 (*comparing U.S. ex rel. Newsham v. Lockheed Missiles & Space Co., Inc.*, 190 F.3d 963, 970–73 (9th Cir. 1999) *with Rogers v. Home Shopping Network, Inc.*, 97 F.Supp.2d 973, 980 (C.D. Cal. 1999)).  The *Metabolife* court concluded that an automatic stay on discovery would conflict with Federal Rule of Civil Procedure 56, and was inapplicable in federal court.  *Id.* at 846 ("the discovery-limiting aspects of § 425.16(f) and (g) collide with the discovery-allowing aspect of Rule 56" and therefore, § 425.16(f) and (g) could not apply in federal court.).

In *Z.F. v. Ripon Unified School District*, a non-precedential unpublished opinion, we stated: "If a defendant makes an anti-SLAPP motion to strike founded on purely legal arguments, then the analysis is made under Fed. R. Civ. P. 8 and 12 standards; if it is a factual challenge, then the motion must be treated as though it were a motion for summary judgment and discovery must be permitted." 482 F. App'x 239, 240 (9th Cir. 2012). Although we are not bound by *Z.F.*, we conclude that its reasoning is persuasive and we hereby adopt it. In order to prevent the collision of California state procedural rules with federal procedural rules, we will review anti-SLAPP motions to strike under different standards depending on the motion's basis. Our interpretation eliminates conflicts between California's anti-SLAPP law's procedural provisions and the Federal Rules of Civil Procedure. *Id.* Taken together, *Metabolife* and our ruling today adopting the rule of *Z.F.* support the idea that if Defendants' anti-SLAPP motion was based on legal deficiencies, Plaintiffs were not required to present prima facie evidence supporting Plaintiffs' claims. Requiring a presentation of evidence without accompanying discovery would improperly transform the motion to strike under the anti-SLAPP law into a motion for summary judgment without providing any of the procedural safeguards that have been firmly established by the Federal Rules of Civil Procedure. That result would effectively allow the state anti-SLAPP rules to usurp the federal rules. We could not properly allow such a result.

Before the district court, Defendants agreed that an anti-SLAPP motion "may be premised on legal deficiencies inherent in the plaintiff's claim, analogous to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)." "If a defendant makes a special motion to strike based on alleged deficiencies in the plaintiff's complaint, the motion

must be treated in the same manner as a motion under Rule 12(b)(6) except that the attorney's fee provision of § 425.16(c) applies." *Rogers v. Home Shopping Network, Inc.*, 57 F. Supp.2d 973, 983 (C.D. Cal. 1999). We agree with the reasoning and result in the district court's *Rogers* decision. Defendants' Motion to Strike explicitly incorporated by reference the arguments in Defendants' Motion to Dismiss. Defendants must have understood that the district court would be conducting a Rule 12(b)(6) analysis and supported their motion with arguments regarding Plaintiffs' pleading. Plaintiffs responded in kind, defending the legal sufficiency of their pleading.

In their reply before the district court, Defendants argued for the first time that Plaintiffs had not met their burden of presenting evidence showing that their claims have minimal merit. Although we have never ruled on this issue, some district courts have accepted Defendants' view. *See Carr v. Asset Acceptance, LLC.* No. CV F 11-0890 LJO GSA, 2011 WL 3568338, at *5–6 (E.D. Cal. Aug. 12, 2011) ("piercing" the pleadings and requiring an evidentiary showing at the pleading stage to survive an anti-SLAPP motion). Conversely, some other district courts have gone the opposite way, rejecting Defendants' view that Plaintiffs had to submit evidence showing the merit of their claims when the challenge was only as to the sufficiency of the pleadings. In any event, having now considered this issue in-depth, and having carefully reviewed the record, we reject Defendants' view. In defending against an anti-SLAPP motion, if the defendants have urged only insufficiency of pleadings, then the plaintiff can properly respond merely by showing sufficiency of pleadings, and there's no requirement for a plaintiff to submit evidence to oppose contrary evidence that was never presented by defendants.

Echoing the point we made earlier in adopting the rule of *Z.F.*, we hold that, on the one hand, when an anti-SLAPP motion to strike challenges only the legal sufficiency of a claim, a district court should apply the Federal Rule of Civil Procedure 12(b)(6) standard and consider whether a claim is properly stated.  And, on the other hand, when an anti-SLAPP motion to strike challenges the factual sufficiency of a claim, then the Federal Rule of Civil Procedure 56 standard will apply.  But in such a case, discovery must be allowed, with opportunities to supplement evidence based on the factual challenges, before any decision is made by the court. A contrary reading of these anti-SLAPP provisions would lead to the stark collision of the state rules of procedure with the governing Federal Rules of Civil Procedure while in a federal district court.  In this context, if there is a contest between a state procedural rule and the federal rules, the federal rules of procedure will prevail.  *Hanna v. Plumer*, 380 U.S. 460, 465 (1965) ("The broad command of *Erie* was therefore identical to that of the Enabling Act: federal courts are to apply state substantive law and federal procedural law."); *Metabolife*, 264 F.3d at 845 ("Procedural state laws are not used in federal court if to do so would result in a 'direct collision' with a Federal Rule of Civil Procedure."). We conclude that the district court correctly applied a Rule 12(b)(6) standard to Defendants' Motion to Strike challenging the legal sufficiency of Plaintiffs' complaint, and the district court did not err in declining to evaluate the factual sufficiency of the complaint at the pleading stage.

**AFFIRMED.**

GOULD, Circuit Judge, with whom MURGUIA, Circuit Judge, joins, concurring:

Although the procedure followed in this case to allow an interlocutory appeal of a denial of an anti-SLAPP motion is clearly permitted by our past precedent, *Batzel v. Smith*, 333 F.3d 1018, 1025–26 (9th Cir. 2003), I write separately in this concurrence to challenge the appropriateness of our court reviewing denials of anti-SLAPP motions to strike on interlocutory appeal. I limit my comments in this separate concurrence to the issue of the propriety of interlocutory appeal upon a denial of an anti-SLAPP motion.

This case was delivered to us on interlocutory appeal. Although I previously joined in *Batzel*, *supra*, which permitted this interlocutory appeal procedure, I have since receded from that opinion because I now believe the interlocutory appeal of this issue is incorrect, potentially conflicts with federal procedural rules, and burdens the federal courts with unneeded interlocutory appeals. *See Travelers Cas. Ins. Co. of Am. v. Hirsch*, 831 F.3d 1179, 1186 (9th Cir. 2016) (Gould, J., concurring). In a case such as this, an interlocutory appeal should only occur if the district court certifies the case for interlocutory appeal under the normal federal rule standards. *See* 28 U.S.C. § 1292(b); *see Intercon Sols., Inc. v. Basel Action Network*, 791 F.3d 729, 731 (7th Cir. 2015).

The allowance of an interlocutory appeal here leads to an absurd result: We review denials of anti-SLAPP motions but not grants of anti-SLAPP motions, although the grant of an anti-SLAPP motion is arguably a more final decision by a district court because it rids the case of the stricken claims. *See Hyan v. Hummeri,* 825 F.3d 1043, 1047 (9th Cir. 2016) (not permitting an interlocutory appeal of a grant of an anti-SLAPP motion to strike because there is no loss of a right as

accompanies a denial of an anti-SLAPP motion, the right to be immune from suit).  *But see DC Comics v. Pacific Pictures Corp.*, 706 F.3d 1009, 1015–16 (9th Cir. 2013) (allowing an interlocutory appeal of the denial of a motion to strike).

Denial of an anti-SLAPP motion does not meet the normal collateral order standard.  Collateral orders are a "small class" of rulings that do not conclude litigation, but that resolve claims separable from the action.  *Will v. Hallock*, 546 U.S. 345, 355 (2006) (denying review of an immunity defense on interlocutory appeal because "[t]he judgment bar at issue in this case has no claim to greater importance than the typical defense of claim preclusion."). To meet the collateral order standard, the district court's decision being appealed must be (1) conclusive, (2) resolve important questions completely separate from the merits, and (3) render such questions effectively unreviewable on appeal from a final judgment in the underlying action. *Batzel*, 333 F.3d at 1024–25.  These rules are stringent.  *Dig. Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 868 (1994).

The denial of an anti-SLAPP motion does not resolve important questions completely separate from the merits, it in fact requires the court to directly assess the merits of Plaintiffs' complaint.  *See* Cal. Civ. Proc. Code § 425.16(b) (requiring a "probability that the plaintiff will prevail" after considering pleadings and affidavits); *Makaeff v. Trump Univ., LLC*, 736 F.3d 1180, 1190–91 (9th Cir. 2013) (Watford, J., dissenting) ("Orders granting or denying anti-SLAPP motions don't satisfy the second condition of this test, because California's anti-SLAPP statute requires courts to assess the merits of the action when ruling on a motion to strike.").  California procedure requires us to determine not

only whether the facts alleged articulate a plausible claim, but also whether there is probability of success based on plaintiffs' evidence.  That question is inextricably intertwined with the merits of the litigation.

Anti-SLAPP motions are hybrids of motions to dismiss and motions for summary judgment.  The denial of either of these motions is generally unreviewable on interlocutory appeal.  *See Hilton v.  Hallmark Cards*, 599 F.3d 894, 900 (9th Cir. 2010) ("Denials of motions to dismiss under Rule 12(b)(6) are ordinarily not appealable, even as collateral orders."); *c.f. Swint v. Chambers County Com'n*, 514 U.S. 35, 43 (1995) (concluding that the denial of summary judgment was not immediately appealable).  We should similarly hold here that we will not permit interlocutory appeals of denials of anti-SLAPP motions.

Not only does the denial of an anti-SLAPP motion to strike not meet the collateral order doctrine and receive special privileges compared to its federal procedural counterparts, the use of anti-SLAPP procedure in federal courts has been squarely rejected by three circuits, the D.C. Circuit, the Seventh Circuit, and the Tenth Circuit.  While I do not advocate at this time for wholly removing anti-SLAPP motions practice in federal court, one of the primary drivers for allowing this practice to continue—prevention of a circuit split—has occurred despite our best efforts.  *See Makaeff v. Trump Univ., LLC*, 736 F.3d 1180, 1184 (9th Cir. 2013) ("If we had taken this appeal en banc, and decided the other way (as our colleagues advocate in their concurrences), we would have created an inter-circuit split; a result at odds with Rule 35 of the Federal Rules of Appellate Procedure."). *Compare Abbas v. Foreign Policy Grp., LLC*, 783 F.3d 1328, 1333–37 (D.C. Cir. 2015); *Intercon Sols., Inc. v. Basel Action Network*, 969 F. Supp. 2d 1026, 1042 (N.D. Ill. 2013),

*aff'd,* 791 F.3d 729 (7th Cir. 2015); and *Los Lobos Renewable Power, LLC v. Americulture, Inc.*, 885 F.3d 659, 672–73 (10th Cir. 2018) *with Cuba v. Pylant*, 814 F.3d 701 (5th Cir. 2016).[1]

The D.C. Circuit considered whether a federal court exercising diversity jurisdiction could apply D.C.'s Anti-SLAPP special motion to dismiss provision.  *See Abbas*, 783 F.3d at 1333–37 ("A federal court exercising diversity jurisdiction therefore must apply Federal Rules 12 and 56 instead of the D.C. Anti-SLAPP Act's special motion to dismiss provision.").  The D.C. Circuit reasoned that Rule 12 already provided an avenue for a plaintiff to overcome a motion to dismiss.  *Id.* at 1334.  While not addressing the precise question I raise here, it stands to reason that if Rule 12 provides the correct procedure for overcoming a motion to dismiss, the collateral order rules we have for appealing the denial of a motion to dismiss should also apply to dismissing a California anti-SLAPP motion *a fortiori*.  Indeed, *Abbas* came to the D.C. Circuit after a grant of the special motion to strike, which had ended the entire litigation.  *Id.* at 1331–32.  Given its reasoning, I do not believe that the D.C. Circuit would have reviewed the district court's order on interlocutory appeal.

A district court in the Northern District of Illinois considered whether anti-SLAPP laws conflicted with the Federal Rules of Civil Procedure.  *Intercon Sols., Inc.*,

---

[1] But even in the Fifth Circuit, there is disagreement about whether Texas's anti-SLAPP motion should apply.  *See Cuba*, 814 F.3d at 720 ("[T]he TCPA [Texas's anti-SLAPP statute] may not be applied as long as Rules 12 and 56 do not violate the Rules Enabling Act.") (J. Graves, dissenting).

969 F. Supp. 2d at 1042.  The court there held that "Section 525 [Washington's anti-SLAPP statute] cannot be applied by a federal court sitting in diversity because it is in direct conflict with Federal Rules of Civil Procedure 12 and 56." This decision was upheld on appeal to the Seventh Circuit. *Intercon Sols., Inc.*, 791 F.3d at 729.[2]  On appeal, the Seventh Circuit noted that there was debate over whether they could review the district court's order on collateral review.  *Id.* at 731.  The court there nevertheless reviewed the case because the district court certified the order to them for interlocutory review, and they accepted.  *Id.*

The Tenth Circuit decided this year that New Mexico's anti-SLAPP statute was solely a procedural mechanism that did not apply in federal court.  *Los Lobos Renewable Power, LLC*, 885 F.3d at 673.  That court first considered whether the district court's decision not to apply the anti-SLAPP provision at all was subject to collateral review.  *Id.* at 664–65.  The Tenth Circuit reasoned that a decision not to apply the statute at all was a decision separate and apart from the merits, but that a decision to deny an anti-SLAPP motion required the court to "determine whether the special motion to dismiss is frivolous or available on its own terms" and that those "determinations necessarily turn on the merits of the lawsuit."  *Id.* at 665.  Had the district court denied the anti-SLAPP motion instead of not considering the motion at all, the Tenth Circuit likely would not have reviewed the district court's decision on interlocutory appeal.

---

[2] The Washington Supreme Court has since held Washington's anti-SLAPP statute to be unconstitutional because it established a preliminary procedure for factual adjudication of claims without trial or summary judgment procedure.  *Davis v. Cox*, 351 P.3d 862, 867 (Wash. 2015).

I find further support in a decision of the Second Circuit. The Second Circuit considered whether it had jurisdiction to review a district court's denial of a Vermont-based anti-SLAPP motion. *Ernst v. Carrigan*, 814 F.3d 116, 119 (2d Cir. 2016). That court answered with a resounding "no," reasoning that the very process by which an anti-SLAPP motion is resolved requires a review of the merits. *Id.* The *Ernst* court noted that Vermont's anti-SLAPP statute was based on California's anti-SLAPP statute and concluded that even if the statute was meant to provide immunity, it does not necessarily make the statute appealable. *Id.* at 121. The court held that *Johnson v. Jones*, 515 U.S. 304, 314 (1995), required that in order to meet the collateral order doctrine, the order must be "completely separate from the merits," and that anti-SLAPP motions necessarily implicate the factual support underlying the claims—they are "inextricably intertwined". *Id.* at 121–22.

*Intercon Solutions* is instructive here. Defendants do not seek to challenge the district court's decision not to review its anti-SLAPP motion; they cannot. Instead, Defendants challenge the district court's decision to deny the anti-SLAPP motion, a motion that required the court to peer into the merits of the appeal. *See* Cal. Civ. Proc. Code § 425.16(b). Further *Ernst*, makes the point I make here, denial of an anti-SLAPP motion is inextricably intertwined with the merits of the underlying case. Such a decision is not appropriate for interlocutory appeal.

I respectfully suggest that we should take this opportunity to fix this error in our court's precedent with a call of the case en banc.