**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 13 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RYAN DREXLER, | No.    18-55947 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-08552-DMG-JC |
| v. | |
| BRADFORD BILLET, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Submitted November 8, 2019[**]
Pasadena, California

Before:  FARRIS and McKEOWN, Circuit Judges, and KENDALL,[***] District Judge.

Ryan Drexler appeals the district court's dismissal, pursuant to California's anti-SLAPP statute, of his breach of contract and fraudulent inducement action.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Virginia M. Kendall, United States District Judge for the Northern District of Illinois, sitting by designation.

He argues the district court failed to apply Fed. R. Civ. P. 12(b)(6) when evaluating his complaint, instead mistakenly applying Rule 56 by considering extrinsic evidence. Drexler also contends the district court erred in finding he was not an intended beneficiary of a contract—the breach of which led in part to this suit—and by determining that Bradford Billet did not contract away his right to anti-SLAPP protections. The parties are familiar with the facts, so we do not repeat them here. We have jurisdiction under 28 U.S.C. § 1291. We affirm the district court.

We review *de novo* a district court's ruling on a motion to strike under California's anti-SLAPP statute. *Makaeff v. Trump Univ., LLC*, 715 F.3d 254, 261 (9th Cir. 2013).

Drexler relies on our recent holding that a court evaluating a California anti-SLAPP motion challenging the legal sufficiency of a claim should apply the Rule 12(b)(6) standard, whereas a motion to strike challenging the factual sufficiency of a claim is subject to the Rule 56 standard with accompanying discovery. *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 890 F.3d 828, 834 (9th Cir. 2018). This reliance is misplaced, as the district court based its ruling on the general nature of Drexler's allegations, only glancingly referenced Billet's declaration, and therefore "correctly applied a Rule 12(b)(6) standard to

2

Defendant['s] Motion to Strike challenging the legal sufficiency of Plaintiff['s] complaint." *Planned Parenthood*, 890 F.3d at 835.

Drexler's arguments that the district court mistakenly concluded he was not an intended beneficiary to the 2014 confidentiality agreement and that Billet waived anti-SLAPP protection are similarly unavailing. The district court correctly applied New York law requiring that contracting parties' intention to benefit a third party be plain "on the face of the contract." *Synovus Bank of Tampa Bay v. Valley Nat'l Bank*, 487 F. Supp. 2d 360, 368 (S.D.N.Y. 2007). The confidentiality agreement's reference to "certain information and documents concerning [Drexler-Billet's] former business and personal interests" is insufficient to conclude that Drexler was an intended beneficiary of the 2014 agreement. Drexler's waiver argument is derivative of the beneficiary claim, and therefore also fails.

**AFFIRMED.**