NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 14 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HOWARD APPEL, | Nos. 19-56131, 19-56184 |
| Plaintiff-Appellee/Cross-Appellant, | D.C. No. 3:18-cv-814-L-BGS |
| v. | MEMORANDUM[*] |
| ROBERT WOLF, | |
| Defendant-Appellant/Cross-Appellee. | |

Appeal from the United States District Court
for the Southern District of California
M. James Lorenz, District Judge, Presiding

Argued and Submitted December 7, 2020
Pasadena, California

Before: GRABER and BEA, Circuit Judges, and DORSEY,[**] District Judge.

Robert Wolf appeals the district court's denial of his motion to strike

Howard Appel's defamation suit under California's anti-SLAPP statute, California

Civil Procedure Code sections 425.16–.18.  Wolf argues that the district court erred

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Jennifer A. Dorsey, United States District Judge for the District of Nevada, sitting by designation.

when it held that his email seeking to initiate settlement of Appel's lawsuit against Wolf's client, Concierge Auctions, LLC, was facially defamatory and that it was neither protected conduct nor immunized by California's litigation privilege. We have jurisdiction under 28 U.S.C. § 1291 and the collateral-order doctrine. *Hilton v. Hallmark Cards*, 599 F.3d 894, 900 (9th Cir. 2010). Reviewing de novo, *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 890 F.3d 828, 832 (9th Cir. 2018), we affirm.[1]

1. The district court erred when it held that Wolf's email was not protected conduct under section 425.16(e)(2). Courts considering a motion to strike under California's anti-SLAPP statute "must engage in a two-part inquiry." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1110 (9th Cir. 2003). First, the defendant must show that the plaintiff challenges "an act in furtherance of protected expression," as defined by California statute. *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 840 (9th Cir. 2001); *see also* Cal. Code Civ. P. § 425.16(e). Once he has done so, "the plaintiff must show a 'reasonable probability' of prevailing [o]n [his] claims for those claims to survive dismissal." *Metabolife Int'l, Inc.*, 264 F.3d at

---

[1] Because we affirm the district court's order, we need not and do not reach Appel's conditional cross-appeal. *See Hilton v. Mumaw*, 522 F.2d 588, 603 (9th Cir. 1975) (dismissing as moot a conditional cross-appeal of a nonfinal order "[a]s to issues upon which we affirm" in the district court's order).

840 (citations omitted). A defendant's insufficient showing at the first step, or a plaintiff's successful showing at the second, mandates denial of the motion. *Id.*

Acts arising from a "defendant's litigation activity"—which include "communicative conduct such as the filing, funding, and prosecuting of a civil action"—are generally considered protected conduct falling within section 425.16(e)(2)'s broad ambit. *Rusheen v. Cohen*, 128 P.3d 713, 717–18 (Cal. 2006) (internal quotation marks omitted). This protection extends to "an attorney's communication with opposing counsel on behalf of a client regarding pending litigation" and includes "an offer of settlement to counsel." *GeneThera, Inc. v. Troy & Gould Pro. Corp.*, 171 Cal. App. 4th 901, 905, 908 (2009); *see also Seltzer v. Barnes*, 182 Cal. App. 4th 953, 964 (2010). The district court misapplied California law when it reasoned that Wolf's email—which was sent to Appel's counsel, allegedly "begging for a phone[-]call discussion about possible settlement of Appel's case against Concierge"—was insufficiently concrete to qualify as protected conduct. Section 425.16(e)(2) has no such "concreteness" requirement.

2. But that error was harmless, as the district court correctly held that Appel was reasonably likely to succeed on the merits of his claim, given that Wolf's email was facially defamatory and not immunized by California's litigation privilege. A claim for defamation under California law involves "a publication" that is "false," "defamatory," "unprivileged," and that "has a natural tendency to

3

injure or that causes special damage." *Taus v. Loftus*, 151 P.3d 1185, 1209 (Cal. 2007) (internal quotation marks and citations omitted). A plain reading of both Appel's complaint and Wolf's email, which erroneously stated that Wolf knew Appel and that Appel "had legal issues (securities fraud)," supports the district court's finding that Wolf's statement "would have negative, injurious ramifications on [Appel's] integrity." Appel's allegations are sufficient to establish a reasonable likelihood of success on the merits of a claim for libel per se. *See Manzari v. Associated Newspapers Ltd.*, 830 F.3d 881, 889 (9th Cir. 2016) (noting that, at the second stage of the anti-SLAPP analysis, a plaintiff "need only convince us that [his] claim has 'minimal merit'") (quoting *Overstock.com, Inc. v. Gradient Analytics, Inc.*, 151 Cal. App. 4th 688, 700 (2007)).

In addition, Wolf's defamatory statement is not privileged, despite being made in the context of settlement negotiations. California's expansive litigation privilege, codified at California Civil Code section 47(b), applies to any communication "(1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that ha[s] some connection or logical relation to the action." *Rusheen*, 128 P.3d at 718 (quoting *Silberg v. Anderson*, 786 P.2d 365, 369 (Cal. 1990)) (internal quotation marks omitted). "To be privileged under section 47, a statement must be 'reasonably relevant' to pending or contemplated litigation." *Neville v. Chudacoff*,

160 Cal. App. 4th 1255, 1266 (2008) (emphasis omitted). As the California Court of Appeal held in *Nguyen v. Proton Technology Corp.*, the privilege "does not prop the barn door wide open" for every defamatory "charge or innuendo," merely because the libelous statement is included in a presumptively privileged communication. 69 Cal. App. 4th 140, 150 (1999). Appel established that Wolf's false insinuation that he had been involved in securities fraud is not reasonably relevant to Appel's underlying dispute with Concierge. Accordingly, the district court properly denied Wolf's anti-SLAPP motion to strike Appel's complaint.

**AFFIRMED.**