**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 22 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRITTANY ANN STILLWELL, | No. 22-55312 |
| Plaintiff-Appellant, | D.C. No. 2:21-cv-07040-GW-MAR |
| v. | |
| FASHION NOVA, LLC, a California Limited Liability Company; et al., | MEMORANDUM[*] |
| Defendants-Appellees, | |
| and | |
| DANIEL R. MARKEL, an individual; DOES, 1 through 10, | |
| Defendants. | |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Submitted March 22, 2023[**]
San Francisco, California

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: WALLACE, SILVERMAN, and N.R. SMITH, Circuit Judges.

Appellant Brittany Stillwell appeals pro se from the district court's judgment dismissing and striking claims that arose out of a commercial relationship between her company The Compliance Firm (TCF) and Appellee Fashion Nova Logistics (FNL) pursuant to which TCF was to provide COVID-19 testing to FNL employees. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The district court did not err in granting in part both of FNL's anti-SLAPP motions against the original and amended complaints. We review the district court's grant of an anti-SLAPP motion *de novo* where, as here, the movant challenged the legal sufficiency of the pleading and the district court applied the Rule 12(b)(6) standard. *See Planned Parenthood Fed'n of Am. v. Ctr. for Med. Progress*, 890 F.3d 828, 833 (9th Cir. 2018). In both of the anti-SLAPP motions, FNL met its initial burden to show that the stricken allegations and claims attacked allegations it made and positions it took in earlier-filed litigation, quintessential acts in furtherance of FNL's right to petition the courts. Cal. Code Civ. Proc. § 425.16(e). Stillwell could not carry her burden to show a probability of prevailing on her claims because she could not overcome the California litigation privilege, which similarly protects allegations and claims made in court submissions. *See Graham-Sult v. Clainos*, 756 F.3d 724, 741 (9th Cir. 2014). Because FNL made a challenge to the legal sufficiency of Stillwell's complaints,

Stillwell was not entitled to conduct discovery before the court ruled on the motions. *See Planned Parenthood*, 890 F.3d at 833.

We review a district court's Rule 12(b)(6) dismissal *de novo*. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 911 (9th Cir. 2012) (en banc). The district court did not err in dismissing Stillwell's three claims for forced labor under 18 U.S.C. § 1589. [1] Stillwell did not state a claim under § 1589(a)(2). Stillwell did not allege that FNL obtained labor from her "by means of serious harm or threats of serious harm" because a reasonable person with her background and in her circumstances would not have felt compelled to perform labor for FNL. 18 U.S.C. § 1589(c)(2); *see also United States v. Dann*, 652 F.3d 1160, 1170 (9th Cir. 2011). Similarly, Stillwell did not state a claim under § 1589(a)(3) because FNL, in filing its own action because of TCF's alleged breaches of contract and fraud, did not use the legal process in a "manner or for any purpose for which the law was not designed." *Id.* § 1589(c)(1). Because Stillwell did not plausibly allege FNL used an unlawful method of obtaining her labor, she did not plausibly allege a claim under 18 U.S.C. § 1589(b) for benefitting from participating in a venture that obtained labor

---

[1] Stillwell argues that the district court struck these claims under the anti-SLAPP statute because she did not show a probability of prevailing. But the district court actually dismissed them under Rule 12(b)(6). Because Stillwell is a pro se litigant and because the same legal framework applies to both arguments in this case, we will construe her argument as one against the Rule 12(b)(6) dismissals. *See Woods v. Carey*, 525 F.3d 886, 889 (9th Cir. 2008) ("A document filed *pro se* is to be liberally construed.") (cleaned up).

3

through unlawful means.

The district court did not err in dismissing Stillwell's claim under the California Trafficking Victims' Protection Act, Cal. Civ. Code § 52.5. Stillwell did not allege that FNL obtained her labor through "substantial and sustained restriction of [her] liberty" through "confinement or restraint." *People v. Oliver*, 54 Cal. App. 5th 1084, 1096 (2020), *citing* Cal. Pen. Code § 236.1(h)(5).

Finally, the district court did not abuse its discretion in denying a second opportunity to amend. *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 989 (9th Cir. 2009). The district court had previously given Stillwell leave to amend most of her claims and provided her with guidance on those claims' deficiencies; it was not required to give her further leave to amend. Nor did the district court abuse its discretion in denying her motion for reconsideration. *Smith v. Pac. Props. & Dev. Corp.*, 358 F.3d 1097, 1100 (9th Cir. 2004). Stillwell identified no new material facts or points of law that the district court overlooked in its orders. *See 389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).

**AFFIRMED.**[2]

---

[2] The request for judicial notice (Dkt. No. 9) is GRANTED.