**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL MOGAN, | No. 23-55691 |
| Plaintiff-Appellant, | D.C. No. |
| v. | 2:23-cv-00140-FMO-PD |
| WILLIAM HENDRICKS; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Fernando M. Olguin, District Judge, Presiding

Submitted October 11, 2024**
Pasadena, California

Before: PAEZ, NGUYEN, and HURWITZ, Circuit Judges.

Michael Mogan appeals the district court's order granting the motions of

William Hendricks, Roxanne Hendricks, Kathrin Wanner, and Kirsten Miller

(collectively, "Appellees") to strike his complaint under California's Anti-Strategic

Lawsuits Against Public Participation ("anti-SLAPP") statute, Cal. Civ. Proc. Code

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 425.16, and to dismiss it under Federal Rule of Civil Procedure 12(b)(6).

Mogan is an attorney who represented Veronica McCluskey, a host on the Airbnb platform. McCluskey was banned from Airbnb for allegedly violating its service terms in connection with a dispute with her business partners, William Hendricks and Roxanne Hendricks ("the Hendricks"). Acting first on behalf of McCluskey and then himself, Mogan filed sixteen unsuccessful lawsuits arising from the dispute against various parties in state and federal court. This is Mogan's third appeal from adverse judgments in federal lawsuits arising from the same underlying dispute. *See Mogan v. Sacks, Ricketts & Case, LLP* ("*SRC*"), Nos. 22-15254, 22-15793, 2023 WL 2983577 (9th Cir. Apr. 18, 2023); *Mogan v. Airbnb, Inc.*, No. 23-55489, 2024 WL 3738480 (9th Cir. Aug. 9, 2024). In this action, Mogan claims (1) malicious prosecution (against all Appellees) and (2) intentional infliction of emotional distress ("IIED") (against only the Hendricks).

We review de novo the district court's order granting the motion to strike under the anti-SLAPP statute and to dismiss the complaint. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102 (9th Cir. 2003). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. Mogan first argues that the anti-SLAPP statute does not apply in federal court. We have previously rejected that argument, *see CoreCivic, Inc. v. Candide Grp., LLC*, 46 F.4th 1136, 1141-43 (9th Cir. 2022), as we noted in two previous

2

appeals arising from this incident.  *See Airbnb, Inc.*, 2024 WL 3738480, at \*2; *SRC*, 2023 WL 2983577, at \*2 n.2.

2.  To prevail on an anti-SLAPP motion to strike, a defendant first must show that "the plaintiff's suit arises from an act in furtherance of the defendant's constitutional right to free speech."  *Gunn v. Drage*, 65 F.4th 1109, 1118 (9th Cir. 2023) (quoting *Makaeff v. Trump Univ., LLC*, 715 F.3d 254, 261 (9th Cir. 2013)). If that showing is made, the burden shifts to the plaintiff to "demonstrate that each challenged claim based on protected activity is legally sufficient and factually substantiated."  *Id.*  When, as here, "an anti-SLAPP motion to strike challenges only the legal sufficiency of a claim, a district court should apply the Federal Rule of Civil Procedure 12(b)(6) standard and consider whether a claim is properly stated."  *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 890 F.3d 828, 834 (9th Cir.), *as amended*, 897 F.3d 1224 (9th Cir. 2018).  The district court did not err in finding that Mogan's operative complaint did not state a claim either for malicious prosecution or IIED.

a.  Mogan's malicious prosecution claim is based entirely on Appellees' motions for sanctions.  But a "malicious prosecution claim cannot be based on subsidiary procedural actions taken within the litigation, such as a motion for sanctions."  *Pollock v. Univ. of S. Cal.*, 112 Cal. App. 4th 1416, 1429 (2003) (internal citations omitted).

3

b. Mogan's IIED claim also fails because California's litigation privilege, Cal. Civ. Code § 47, bars tort claims against parties for "any publication required or permitted by law in the course of a judicial proceeding." *Jacob B. v. Cnty. of Shasta*, 40 Cal. 4th 948, 955 (2007) (cleaned up). His IIED claim is based solely on the filing of sanctions motions, which is protected by California's litigation privilege. *Id.*

3. The district court did not abuse its discretion in denying oral argument. Mogan cites no authority suggesting he is entitled to oral argument or discovery at the motion to dismiss stage, nor do the facts suggest any abuse of discretion. *See* Fed. R. Civ. P. 78(b).

4. The district court did not abuse its discretion in denying leave to amend the complaint as any amendment would have been futile. *See Partington v. Bugliosi*, 56 F.3d 1147, 1162 (9th Cir. 1995).

5. The district court did not abuse its discretion in denying Mogan's Rule 59(e) motion because Mogan failed to show any newly discovered evidence, clear error, or a change in the law. *See 389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).

6. The district court did not abuse its discretion in taking judicial notice of Mogan's prior litigation history. Courts may "take judicial notice of matters of public record," *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir.

4

2018) (cleaned up), including litigation records, *see, e.g.*, *Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011).

**AFFIRMED.**