**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ELLEN LEE ZHOU, an individual; ASIAN AMERICAN FREEDOM POLITICAL ACTION COMMITTEE, | No. 21-15554 |
| Plaintiffs-Appellants, | D.C. No. 3:19-cv-07269-WHO |
| v. | MEMORANDUM* |
| LONDON BREED, an individual; CLEAR CHANNEL OUTDOOR LLC, | |
| Defendants-Appellees, | |
| and | |
| OUTFRONT MEDIA, INC.; CLEAR CHANNEL OUTDOOR HOLDINGS, INC.; CLEAR CHANNEL MEDIA, INC., | |
| Defendants. | |

Appeal from the United States District Court
for the Northern District of California
William Horsley Orrick, District Judge, Presiding

Submitted January 12, 2022**
Pasadena, California

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: BOGGS,*** OWENS, and FRIEDLAND, Circuit Judges.

Ellen Zhou and the Asian American Freedom Political Action Committee ("AAFPAC," and collectively, "Appellants") appeal the dismissal of their First Amendment claim asserted against London Breed and Clear Channel Outdoor LLC ("Clear Channel"). Appellants also appeal the dismissal of their breach of contract claim against Clear Channel, and the striking, pursuant to California's anti-SLAPP statute, of their two tort claims against Breed. *See* Cal. Civ. Proc. Code § 425.16(b)(1). We have jurisdiction under 28 U.S.C. § 1291 and review de novo a district court's grant of a motion to dismiss and grant of an anti-SLAPP special motion to strike. *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 890 F.3d 828, 832 (9th Cir.), *amended by* 897 F.3d 1224 (9th Cir. 2018). We affirm.

1. Appellants allege that both Breed and Clear Channel violated their First Amendment right to free speech. To the extent that Appellants argue that Breed, or any public official, violated their First Amendment rights simply by speaking critically of a billboard or calling for its removal, that theory is squarely foreclosed by precedent. We have previously joined a "host of other circuits" in holding that

---

*** The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

2

"public officials may criticize practices that they would have no constitutional ability to regulate, so long as there is no actual or threatened imposition of government power or sanction." *Am. Fam. Ass'n, Inc. v. City & County of San Francisco*, 277 F.3d 1114, 1125 (9th Cir. 2002); *see also id.* ("[L]etters which encouraged but did not threaten or intimidate landowner to terminate lease with billboard owner did not violate billboard owner's First Amendment rights." (citing *R.C. Maxwell Co. v. Borough of New Hope*, 735 F.2d 85, 89 (3d Cir. 1984))). Appellants have not alleged that, in criticizing one of Appellants' billboards, Breed or any public official made any threats of government sanction against Zhou, AAFPAC, Clear Channel, Outfront Media, Inc. ("Outfront"), or anyone.

Appellants' argument that their First Amendment rights were violated when Clear Channel, a private company, removed one of their billboards also fails. "A threshold requirement of any constitutional claim is the presence of state action." *Roberts v. AT&T Mobility LLC*, 877 F.3d 833, 837 (9th Cir. 2017) (quotation marks omitted). We "start with the presumption that private conduct does not constitute governmental action." *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999). Appellants do not allege any facts or put forward any plausible legal theory that would support treating Clear Channel as a state actor in this case. The mere fact that Breed or other public officials criticized a billboard or called for its removal, without coercion or threat of government

3

sanction, does not make that billboard's subsequent removal by a private party state action. *See Am. Fam.*, 277 F.3d at 1125; *see also Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 52 (1999) ("Action taken by private entities with the mere approval or acquiescence of the State is not state action."). Nor does the fact that companies that own billboards might be subject to some government regulations convert Clear Channel's decision to take down the billboard following public officials' criticism into state action. *See Manhattan Cmty. Access Corp. v. Halleck*, 139 S. Ct. 1921, 1932 (2019) ("Put simply, being regulated by the State does not make one a state actor."); *Mathis v. Pac. Gas & Elec. Co.*, 891 F.2d 1429, 1431 (9th Cir. 1989) ("[T]hat PG & E is a public utility subject to extensive state regulation . . . without more, is insufficient to infuse its conduct with state action.").[1] Because Appellants have failed to allege state action, the district court properly dismissed their First Amendment claim.

   2.   Appellants do not have a cognizable breach-of-contract claim against

---

[1] Appellants argue that, even if their allegations could not support a coercion theory of state action or a regulation theory of state action when those theories are analyzed separately, their allegations could support a finding of state action if those theories were analyzed together. That argument also fails. Whether Appellants' allegations, and the theories of state action they implicate, are analyzed individually or holistically, there is no state action. Indeed, our case law makes clear that simply being subject to government regulation—even extensive regulation—"without more," cannot sustain a claim of state action. *Mathis*, 891 F.2d at 1431. Anything "more" is lacking here. Thus, Appellants cannot succeed on a theory of state action based on coercion, or regulation, or coercion plus regulation.

Clear Channel.  The relevant contract provision states that "Clear Channel, at its sole discretion, may reject or remove any advertising material, art or copy, submitted by [AAFPAC] for any reason or no reason at any time during the term of this Contract."  Appellants argue that, despite that clear and unequivocal language, Clear Channel breached an implied covenant of good faith and fair dealing by removing AAFPAC's billboard in violation of their First Amendment rights.  This argument fails for at least two reasons.  First, as discussed above, Clear Channel did not—and could not—violate Appellants' First Amendment rights, because Clear Channel was not a state actor.  Second, under New York law, which governs the contract, the implied covenant of good faith and fair dealing "can be implied only where the implied term is consistent with other mutually agreed upon terms in the contract."  *Sabetay v. Sterling Drug, Inc.,* 506 N.E.2d 919, 922 (N.Y. 1987).  In short, the contract "means what [it] says."  *Moran v. Erk*, 901 N.E.2d 187, 190 (N.Y. 2008); *see also id.* (noting that the "implied covenant of good faith and fair dealing encompasses 'promises which a reasonable person in the position of the promisee would be justified in understanding were included'" (quoting *511 W. 232nd Owners Corp. v. Jennifer Realty Co.*, 773 N.E.2d 496, 501 (N.Y. 2002))).  Because the contract said Clear Channel could remove the ad for any reason, it would not be reasonable to understand the contract to imply a promise not to remove the ad under these circumstances.  Thus, the district court properly

5

dismissed the contract claim against Clear Channel.

3. The district court correctly struck, pursuant to California's anti-SLAPP statute, Appellants' claims against Breed for inducing breach of contract and intentional interference with a contractual relationship.[2] "[A] defendant's anti-SLAPP motion should be granted when a plaintiff presents an insufficient legal basis for his or her claims." *Planned Parenthood*, 890 F.3d at 833. When "a defendant makes a special motion to strike based on alleged deficiencies in the plaintiff's complaint, the motion must be treated in the same manner as a motion under Rule 12(b)(6)." *Id*. at 834 (quoting *Rogers v. Home Shopping Network, Inc.*, 57 F. Supp. 2d 973, 983 (C.D. Cal. 1999)). Under the Rule 12(b)(6) standard, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a cognizable claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Appellants do not have a sufficient legal basis for either of their tort claims asserted against Breed. To succeed on their claim for inducing a breach of

---

[2] In assessing a special motion to strike brought under California's anti-SLAPP statute, Cal. Civ. Proc. Code § 425.16(b)(1), a court engages in a two-step inquiry: First, it must determine whether a defendant's First Amendment-protected activity "underlies or forms the basis for the claim" plaintiff has asserted. *Park v. Bd. of Trs. of Cal. State Univ.*, 393 P.3d 905, 908 (Cal. 2017). If so, at step two, the burden shifts to the plaintiff to show "a sufficient probability of prevailing on the merits." *Id*. at 907. Because Appellants have conceded that Breed's conduct that gives rise to their tort claims—that is, her statements regarding the billboards in question—is protected by the First Amendment, we proceed directly to step two.

contract, Appellants must show that a contract "was in fact breached." *Charles C. Chapman Bldg. Co. v. Cal. Mart*, 82 Cal. Rptr. 830, 834 (Ct. App. 1969). Because, as discussed above, Appellants cannot show that Clear Channel breached its contract,[3] Appellants' claim against Breed for inducing a breach of contract necessarily fails. To succeed on their claim for intentional interference with a contractual relationship, Appellants must show that Breed knew of Appellants' billboard contracts and that she engaged in "intentional acts designed to induce a breach or disruption of the contractual relationship." *United Nat'l Maint., Inc. v. San Diego Convention Ctr., Inc.*, 766 F.3d 1002, 1006 (9th Cir. 2014) (quoting *Pac. Gas & Elec. Co. v. Bear Stearns & Co.*, 791 P.2d 587, 589-90 (Cal. 1990)). Other than threadbare recitals of some of the elements of this cause of action, Appellants do not allege that Breed knew of their contracts with Clear Channel or

---

[3] Although Outfront was dismissed as a party, pursuant to a stipulation with Appellants, the contractual relationship between Zhou and Outfront could still, in theory, form the basis for either of Appellants' tort claims asserted against Breed. But Appellants cannot show that Outfront breached its contract with Zhou. That contract provides that, "if adverse publicity results from any display, [Outfront] shall have the right to remove advertisement." By Appellants' own admissions, significant adverse publicity resulted from the billboard. Under Arizona law, which governs the contract, a party violates the implied covenant of good faith and fair dealing only when it "wrongfully exercise[s] a contractual power . . . for a reason inconsistent with the [other party's] justified expectations." *Wells Fargo Bank v. Ariz. Laborers, Teamsters & Cement Masons Loc. No. 395 Pension Tr. Fund*, 38 P.3d 12, 30 (Ariz. 2002) (en banc). Given the clear contract language, Outfront's decision to take down the billboard in response to adverse publicity was not inconsistent with any justified expectations.

7

Outfront, or that any of Breed's actions were intentionally designed to disrupt Appellants' contractual relationships with those companies. *See Iqbal*, 556 U.S. at 678. Indeed, the only specific action Appellants allege that Breed took was speaking critically about one of the billboards during a television interview. It is not possible to infer from that allegation that Breed's aim was to interfere with any of Appellants' contractual relationships.[4] Consequently, Appellants failed to satisfy their burden of showing a sufficient probability of success on the merits of their tort claims against Breed, and those claims were properly struck.[5]

**AFFIRMED.**

---

[4] The district court also held that granting leave to amend would be futile. Appellants do not argue on appeal that they could in fact cure this claim through amendment, so they have forfeited any argument to that effect.

[5] The district court awarded Breed attorneys' fees pursuant to California's anti-SLAPP statute. *See* Cal. Civ. Proc. Code § 425.16(c)(1). Appellants do not challenge that award on appeal, and we accordingly affirm it.