NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 29 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NEAL S. ZASLAVSKY Esquire, Attorney,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>CONSUMER ATTORNEYS ASSOCIATION OF LOS ANGELES, a California non-profit corporation; MINH TRI NGUYEN Esquire, an individual; IBIERE SECK Esquire, an individual; Mr. MARTIN ISAAC AARONS, Attorney, an individual; ELIZABETH ANNE HERNANDEZ, an individual; CHRISTA HAGGAI RAMEY Esquire, an individual; DAN ABIR Esquire, an individual; KATHRYN M. TREPINSKI Esquire, Attorney, an individual; Mr. DAVID HOFFMAN, Attorney, an individual; KEITH LASALLE ALLEN Esquire, an individual; KWEDI MOORE Esquire, an individual; DOES 1-10, inclusive,<br><br>Defendants - Appellees. | No. 24-2367<br><br>D.C. No.<br>2:23-cv-06460-SPG-RAO<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Sherilyn Peace Garnett, District Judge, Presiding

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted May 27, 2026[]
San Francisco, California

Before: R. NELSON and VANDYKE, Circuit Judges, and EZRA, District Judge.[***]

Plaintiff-Appellant Neal Zaslavsky seeks review of the district court's order granting Defendant-Appellee David Hoffman's special motion to strike under California anti-SLAPP rules and denying Zaslavsky's motion for sanctions.[1]  We have jurisdiction under 28 U.S.C. § 1291.  We affirm the district court's order.

We review "an order granting a special motion to strike under California's anti-SLAPP statute de novo."  *Herring Networks, Inc. v. Maddow*, 8 F.4th 1148, 1154–55 (9th Cir. 2021).  We review the denial of a discovery motion for abuse of discretion.  *See In re Thorpe Insulation Co.*, 671 F.3d 1011, 1020 (9th Cir. 2012).  We review an "award of attorney's fees for abuse of discretion."  *Manufactured Home Comtys., Inc. v. Cnty. of San Diego*, 655 F.3d 1171, 1176 (9th Cir. 2011).  We review a district court's "denial of a motion for sanctions under Rule 11 for abuse of discretion."  *Larez v. Holcomb*, 16 F.3d 1513, 1521 (9th Cir. 1994).

---

[**]  The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]  The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

[1] The immediate appeal is proceeding only as to Hoffman, as Zaslavsky has reached a resolution as to all defendants except Hoffman.

1.     The district court did not violate Zaslavsky's due process rights by failing to enforce standing orders and local rules requiring a "meet-and-confer." Zaslavsky fails to cite case law (other than generic recitation of what due process is) supporting his contention that the court violated his due process rights and, as a result, this claim is waived. *See* Fed. R. App. P. 28(a)(8); *United States v. Cazares*, 788 F.3d 956, 983 (9th Cir. 2015) ("The failure to cite to valid legal authority waives a claim for appellate review.").

At any rate, a good-faith attempt to comply satisfies the meet-and-confer requirements of the Central District's Local Rule 7-3. *Siegel v. Scripps Networks Interactive, Inc.*, 2016 WL 10968139, at *1 n.1 (C.D. Cal. Sept. 29, 2016). The record shows a good-faith attempt by Hoffman to comply with the meet-and-confer requirements. The district court rightly found that "CAALA's counsel and Hoffman's counsel were in consistent communication with Plaintiff and made various attempts to meet and confer with Plaintiff." Hoffman's attempt to comply with the meet-and-confer requirements of the district court's standing orders and Local Rule 7-3 was in good faith, and the district court's supposed failure to enforce did not violate Zaslavsky's due process rights.

2.     The district court did not violate Zaslavsky's due process rights by failing to allow him to submit a brief opposing Hoffman's request for attorney's fees. Again, Zaslavsky cites no cases that directly support his position that the district

court violated his due process rights by not giving him the opportunity to brief the issue of attorney's fees. *See* Fed. R. App. P. 28(a)(8). "The failure to cite to valid legal authority waives a claim for appellate review." *Cazares*, 788 F.3d at 983.

In any case, the district court did not abuse its discretion on this issue. It applied the correct standard to reach a reasonable result. Under California law, trial courts "use the lodestar method when determining an award of attorney fees under the anti-SLAPP statute." *Frym v. 601 Main St. LLC*, 82 Cal. App. 5th 613, 620 (2022). The district court accurately applied the lodestar method by determining whether the hourly rate was reasonable and analyzing whether the hours expended were reasonable. We thus decline to hold that it abused its discretion.

3.      The district court did not err in granting Hoffman's anti-SLAPP special motion to strike. Generally, de novo review of an anti-SLAPP special motion to strike is a two-step analysis. *See* Cal. Code Civ. Proc. § 425.16(b).

The first prong of the anti-SLAPP analysis is satisfied here. California's anti-SLAPP statute prevents causes of action "against a person arising from any act of that person in furtherance of the person's right of petition or free speech." Cal. Code Civ. Proc. § 425.16(b)(1). Hoffman's conduct as Director of the Board of Governors for CAALA arose from and was "made before . . . [an] official proceeding authorized by law" and "made in connection with an issue under consideration or review by . . . [an] official proceeding authorized by law."

§ 425.16(e). The "by-laws of a voluntary association . . . [are] the measure of the authority conferred upon the organization to . . . expel its members." *Smetherham v. Laundry Workers' Union, Loc. No. 75*, 111 P.2d 948, 951 (Cal. Ct. App. 1941). Courts generally will not disturb an association's decision to expel members "where the action is taken in good faith and in accordance with its adopted by-laws and rules." *Id.* Additionally, the act of voting to terminate Zaslavsky's membership in the official proceeding "is conduct qualifying for the protections afforded by the First Amendment." *Schroeder v. Irvine City Council*, 97 Cal. App. 4th 174, 183 n.3 (2002).

The standard by which courts review the second prong of the anti-SLAPP analysis depends on whether the defendant's motion to strike challenged legal or factual deficiencies. *See Herring Networks*, 8 F.4th at 1155. When the motion to strike is "based on alleged [legal] deficiencies in the plaintiff's complaint, the motion must be treated in the same manner as a motion under Rule 12(b)(6)." *Planned Parenthood Fed'n of Am., Inc. v. Ctr. For Med. Progress*, 890 F.3d 828, 834 (9th Cir. 2018) (quoting *Rogers v. Home Shopping Network, Inc.*, 57 F.Supp.2d 973, 983 (C.D. Cal. 1999)).

Zaslavsky argues that Hoffman's motion to strike raised several "significant factual issues," including whether Zaslavsky was suspended for "uncivil email posts" and whether a letter sent by Zaslavsky to CAALA's Executive Director (Ms.

Moore) was "offensive." These are not factual issues, because it was not the role of the district court under any of Zaslavsky's claims to inquire into whether the communications were sufficiently "uncivil" or "offensive" to justify Zaslavsky's CAALA membership termination. The court was instead tasked with determining whether the proper procedures were followed by CAALA in compliance with the bylaws and California Corporations Code. And the court will not disturb an association's decision to terminate membership if the association followed the procedures authorized in their bylaws (and in compliance with the law). *See Smetherham*, 111 P.2d at 951.

Zaslavsky further claims that the motion to strike raised the factual issue of whether Zaslavsky "was given fair and proper notice." This is not a factual issue, because "reasonable notice is a question of law." *See Wallis v. Princess Cruises, Inc.*, 306 F.3d 827, 835 (9th Cir. 2002).

Zaslavsky makes a third argument that Hoffman's motion raised factual issues as to whether Zaslavsky had "tenable economic relationships for Mr. Hoffman to interfere with." But Hoffman's motion instead argues that Zaslavsky's complaint contains "no *allegation* of any tenable economic relationship(s) between [Zaslavsky] and an identifiable third-party lawyer or business." It raises a purely legal challenge to the sufficiency of Zaslavsky's complaint. The motion is therefore treated and analyzed as a Rule 12(b)(6) motion. *See Planned Parenthood*, 890 F.3d at 834. The

complaint must make a plausible claim that the defendant has acted unlawfully. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As established above, Zaslavsky's complaint fails to make a plausible claim that Hoffman acted unlawfully as Director of the CAALA Board of Governors. The district court did not err in granting Hoffman's special motion to strike under California's anti-SLAPP statute.

4. The district court likewise did not abuse its discretion in preventing Zaslavsky from conducting limited discovery to oppose Hoffman's anti-SLAPP motion to dismiss. A district court has broad discretion to permit or deny discovery, and "its decision to deny discovery will not be disturbed except upon the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant." *Hallet v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (quotation omitted). Zaslavsky flags no factual issues raised by Hoffman's motion to strike. Zaslavsky was not entitled to discovery to oppose Hoffman's anti-SLAPP motion because no factual challenges were made.

5. The district court did not abuse its discretion in denying Zaslavsky's motion for Rule 11 sanctions. Rule 11 sanctions are imposed against a defendant filing an anti-SLAPP motion "when [the] motion is frivolous, legally unreasonable, or without factual foundation, or is brought for an improper purpose." *Larez*, 16 F.3d at 1522 (quotation omitted). As explained above, Hoffman's anti-SLAPP motion to strike was not frivolous, legally unreasonable, without factual foundation,

or brought with an improper purpose. Hoffman's conduct fell squarely within §§ 425.16(e)(1) and (2), and Zaslavsky's complaint did not survive scrutiny. The district court did not err in denying Zaslavsky sanctions under Rule 11.

Additionally, Zaslavsky's argument that Hoffman's failure to comply with the district court's standing order and Local Rule 7-3 entitles Zaslavsky to Rule 11 sanctions cannot stand. As stated above, Hoffman made a good-faith attempt to comply with the standing order and Local Rule 7-3, which satisfies the meet-and-confer requirements. *See Siegel*, 2016 WL 10968139, at *1 n.1. Zaslavsky has no right to Rule 11 sanctions based on these allegations, and the district court did not abuse its discretion in denying the motion.

**AFFIRMED.**

24-2367